UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:06-cr-326-T-23TGW
 8:19-cv-105-T-23TGW

RAFAEL ANGEL RONDON
_____/

**O R D E R**

Rondon moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his sentences to imprisonment for a total of 1,794 months, which is based on (1) his one conviction for conspiring to commit armed bank robbery, (2) his six convictions for armed bank robbery, and (3) his six convictions for carrying and using a firearm during the commission of the six bank robberies. Rondon cannot proceed with the present motion to vacate.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

**1. Second or Successive:**

Rondon's earlier challenge to this same conviction was denied on the merits in 8:10-cv-2928-T-23TGW. Rondon cannot pursue a second or successive motion without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The earlier denial of his motion to vacate precludes Rondon from again litigating the sentence enhancement without first obtaining authorization from the circuit court.

This new action is, therefore, a second or successive action that is subject to specific restrictions because a district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or

successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

## 2. New Statute:

Rondon asserts entitlement to proceed under Section 2255(f)(4), which affords a limitation from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Rondon contends that his "newly discovered fact" is the enactment of "Section 403 of S.756, of the First Step Act, passed into law December 21, 2018." (Doc. 1 at 2) Rondon contends that the district court erred in imposing consecutive mandatory minimum sentences under 18 U.S.C. § 924(c) because the sentences are based on a "second or subsequent" conviction that was charged in the same indictment. (Doc. 1 at 5) As he explains below, Rondon relies upon a "clarification" to Section 924(c) as enacted in the "First Step Act" (Doc. 1 at 5) (emphasis original):

> As clarified in Section 403 of S.756, the First Step Act, a district court is **only** authorized to impose a consecutive mandatory minimum sentence for violating § 924(c), where a defendant has been previously, convicted of violating § 924(c) and that conviction has become final. In this case, the Petitioner does not have a previous § 924(c) conviction that has become final. Instead, he was given 1,794 months consecutive mandatory minimum sentence based upon six § 924(c) convictions charged in a single indictment.

A change in the law is not a new "fact" that questions the validity of the conviction or sentence. As a consequence, Rondon must obtain authorization from the circuit court to file a second or successive motion to vacate before jurisdiction is proper in the district court to review a second or successive motion under Section 2255.

- 3 -

Rondon fails to represent that the circuit court has granted him the necessary authorization.

However, Rondon's asserted entitlement to challenge his sentences is based on Section 403 of the First Step Act. Section 403(b) provides that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment.</u>" (emphasis added) In other words, a prisoner sentenced before enactment of the First Step Act is not entitled to the retroactive application of the changes to a sentence under Section 924(c).

## 3.  Certificate of Appealability:

Generally, an applicant cannot appeal a district court's denial of relief under Section 2255 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains (in the context of an application for the writ of habeas corpus under Section 2254), a COA cannot issue in this action because the district court cannot entertain the motion to vacate to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014)[2] (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on March 6, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.